IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TROY NELSON PROPHET,**

   **Plaintiff,**

v.                   Civil Action No. 3:18cv741

**ANDREW M. SAUL**,
*Commissioner of*
*Social Security Administration*

   **Defendant.**

## MEMORANDUM OPINION

  Plaintiff Troy Nelson Prophet challenges the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Social Security Disability Benefits after finding he lacked disability. This matter comes before the Court on the Report and Recommendation ("R&R") prepared by the Honorable David J. Novak, then–United States Magistrate Judge, (ECF No. 20), addressing the parties' cross-motions for summary judgment, (Pl.'s Mot. Summ. J., ECF No. 16; Def.'s Mot. Summ. J., ECF No. 19). The R&R recommends that this Court deny Prophet's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and uphold the final decision of the Commissioner. Prophet objects to the R&R (the "Objection"). (Pl.'s Obj. R&R, ECF No. 21.) The Commissioner responded to Prophet's Objection, (Def.'s Resp., ECF No. 22), and Prophet replied, (Pl.'s Reply, ECF No. 23). The Court exercises jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]

---

[1] Section 405(g) provides in relevant part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party . . .

For the reasons articulated below, the Court will sustain Prophet's Objection and reject the R&R. Accordingly, the Court will grant Prophet's Motion for Summary Judgment and motion to remand (the "Motion to Remand"), (ECF No. 17), deny the Commissioner's Motion for Summary Judgment, and remand this case for further consideration in light of this Memorandum Opinion.

## I.  BACKGROUND

The instant case involves Prophet's claim for Social Security Disability Benefits under the Social Security Act, alleging disability from a damaged disc in his back, leg pain, pinched nerves, and stomach problems, with an alleged onset date of October 5, 2011. (R. 120.)

On March 26, 2015, the Administrative Law Judge ("ALJ") initially assigned to Prophet's case issued a written opinion finding that Prophet did not qualify as disabled. (R. 126–44.) In that opinion, the ALJ stated that "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 134.) The ALJ concluded, however, that Prophet's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 134.) Prophet appealed, and the Appeals Council subsequently remanded Prophet's case for reconsideration because (1) the exhibit list was incomplete; and, (2) the vocational expert gave erroneous testimony regarding the jobs available to individuals, like Prophet, who can perform "work within the unskilled light occupational base." (R. 151–52.)

---

may obtain a review of such decision by a civil action . . . in [a] district court." 42 U.S.C. § 405(g). Section 1383(c)(3) confirms that "[t]he final determination of the Commissioner after . . . a hearing . . . shall be subject to judicial review as provided in section 405(g)." 42 U.S.C. § 1383(c)(3).

On July 5, 2017, after remand, a different ALJ issued a second written opinion finding that Prophet had a "residual functional capacity for the full range of sedentary work" and concluded he was "not disabled." (R. 22–34.) Regarding Prophet's accounts of his pain and in reaching the residual functional capacity, the ALJ stated:

> [T]he undersigned has considered all symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929. The longitudinal record is not consistent with the claimant's and his wife's allegations regarding the severity of his symptoms and limitations, and he has not received the type of treatment that one would expect for an individual asserting a completely disabling condition. The record indicates that the claimant is obese with BMIs in the 30s and that he alleges knee pain, with some clinical and radiological findings in 2011 and early 2012. However, he had minimal treatment at that time. In fact, from July 2012 to December 2013, the claimant received no treatment. After December 2013, the claimant had synovitis found on arthroscopy, with significant improvement noted on examination after surgery. Even so, he took more narcotics than were prescribed, and he was getting narcotics from multiple providers. The imagery and testing evidence does not provide objective support for an impairment that could reasonably produce the extent or intensity of the claimant's expression of ongoing subjective pain. Despite alleging significant functional limitations, repeated physical examinations have failed to reveal significant ongoing neurological deficits of decreased strength or range of motion, as would be expected with the degree of limitation alleged. In fact, the claimant's examinations documented inconsistent effort. The claimant's treatment has been generally routine, conservative, and unremarkable, no surgery for his back has been recommended, and there has been no ongoing orthopedic or pain management treatment without significant gaps. The claimant is in reasonably good health. The record as a whole does not establish that he is so limited that he cannot work at all, even though his earning record[] is not indicative of an individual with a clearly demonstrated work ethic. The above limitations for light exertion work with postural limitations would fully accommodate his left knee impairment and obesity.

(R. 30.) After the Appeals Council denied Prophet's administrative appeal, he sought review in this Court.

In his appeal to this Court, Prophet argued, *inter alia*, that the ALJ erred when he failed to conduct a legally sufficient pain analysis, as required by *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996), and such error requires remand. (Mem. Supp. Motion Summ. J. 5–7, ECF No. 18.) In

3

response, the Commissioner never argued that the ALJ made an express step one finding but asserted that "*Craig* stands for the proposition that the ALJ's decision, as a whole, must be sufficiently explicit to allow the Court to conduct meaningful judicial review of the ALJ's two-part credibility analysis." (Def's Mot. Summ. J. 17, ECF No. 19.) The Commissioner relied on *Nelson v. Apfel*, 166 F.3d 333 (4th Cir. 1998), to argue that the "absence of an express part one finding does not constitute *per se* reversible error." (*Id*.) The Commissioner claimed that *Nelson* directly applied to the case at bar and provided "clear guidance" for the "Fourth Circuit's own interpretation of *Craig*." (*Id*. 18.)

The R&R recommended following *Nelson* for the proposition that an ALJ need not make an express step one finding in the two-step *Craig* inquiry. (R&R 20.) The R&R concluded that, in Prophet's case, the "ALJ appropriately considered [Prophet's] medically determinable impairments and whether they could reasonably cause the pain and other symptoms alleged by [Prophet]," as step one requires, because the ALJ "considered all of [Prophet's impairments at step two of the *Craig* analysis." (R&R 20–21.) The R&R declined to recommend remanding "on such a minor point" and noted that a handful of district courts outside of the Eastern District of Virginia have "affirmed similar applications of the *Craig* analysis." (R&R 20.)

In the Objection, Prophet asserts that the ALJ and the then–Magistrate Judge erred because the ALJ did not make a legally sufficient finding in accordance with the first step of the two-step pain assessment. (Pl.'s Obj. 1–2, ECF No. 21.) Prophet contends that, in contravention to United States Court of Appeals for the Fourth Circuit precedent, "the ALJ failed to consider [certain medical] opinions and failed [to] explain why he rejected them." (*Id*. 2.) Prophet asserts that many courts throughout the Fourth Circuit have reversed ALJ decisions for failing to make express findings for each step of the two-step pain assessment. (*Id*. 3.) Because the ALJ never

4

discussed whether objective medical evidence could reasonably be expected to cause the pain Prophet alleged, Prophet maintains that the ALJ committed a legal error. (*Id.* 7.) Prophet also questions how the ALJ weighed certain opinions and clinical findings "in the [ALJ's] conclusory and extremely brief reasoning." (*Id.* 7–11.) Prophet therefore asks this Court to reject the R&R and to remand the case for further proceedings. (*Id.* 11.)

## II. STANDARD OF REVIEW

### A. Appellate Standard of Review

This Court reviews *de novo* any part of the magistrate judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C);[2] Fed. R. Civ. P. 72(b)(3).[3] In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Judicial review of a final decision regarding disability benefits requires that this Court "'uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.'"[4] *Hancock v. Astrue*, 667 F.3d 470,

---

[2] The subsection provides: "The magistrate judge shall file his [or her] proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties." 28 U.S.C. § 636(b)(1)(C).

[3] The rule provides that, in resolving objections, "[t]he district court must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

[4] The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *see* 20 C.F.R. §§ 416.920(a)(4), 404.1520. In step one, the "ALJ asks . . . whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). The second step of the five-step sequential analysis requires that the factfinder decide whether the claimant suffers from a "severe" impairment, irrespective of age, education, and work experience. 20 C.F.R.

5

472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). If substantial evidence does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### B. Evidentiary Standards for Pain

Prophet's Objection primarily challenges the ALJ's application of the two-step pain assessment. When evaluating a claimant's allegations of pain, the Fourth Circuit mandates a two-step process. *Hines v. Barnhart*, 453 F.3d 559, 564–66 (4th Cir. 2006). "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" *Craig*, 76 F.3d at 594 (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). "Therefore, for the pain to be found disabling, there *must* be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some severity, but *the pain the claimant alleges [he or] she*

---

§§ 404.1520(c) & 416.920(c). At step three, the ALJ must decide whether the medical impairment meets or equals an impairment listed in the regulations. *Mascio*, 780 F.3d at 634. "Satisfying step 3 warrants an automatic finding of disability, and relieves the decision maker from proceeding to steps 4 and 5." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520(a)(1)).

"If the claimant satisfies steps 1 and 2, but not step 3, then the decision maker must determine the claimant's residual functional capacity, that is, an evaluation of [his or] her ability to perform work despite [his or] her limitations ('RFC assessment')." *Id.* (citing 20 C.F.R. § 404.1520(e)). After conducting the RFC assessment, the ALJ proceeds to step four and considers whether the claimant could continue performing the work that he or she did in the past; if not, the ALJ moves on to step five. *See Patterson*, 846 F.3d at 659; *see also* 20 C.F.R. § 404.1520(a)(4)(iv) (noting step four considers "past relevant work"). "At step five, the ALJ determines whether the claimant—given [his or] her RFC, [his or] her age, [his or] her education, and [his or] her prior work experience—can do any other work that 'exists in significant numbers in the national economy.'" *Thomas*, 916 F.3d at 310 (quoting 20 C.F.R. § 416.960(c)(2)).

If, at any step of the analysis, the ALJ determines that the claimant is not disabled, the inquiry must stop and the ALJ must deny the claim. 20 C.F.R. § 404.1520(a)(4). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas*, 916 F.3d at 310.

6

*suffers*." *Id.* (emphasis in original); *see also Hines*, 453 F.3d at 565 (explaining that step one comprises threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed). An ALJ must make a finding about the objective medical evidence to satisfy step one. *See Hill v. Comm'r of Soc. Sec.*, 49 F. Supp. 2d 865, 868 (S.D.W. Va. 1999).

After a claimant has satisfied step one by showing through objective medical evidence a medical impairment reasonably likely to cause the pain claimed, the ALJ must evaluate the intensity and persistence of the claimant's pain, and the extent to which it affects his or her ability to work to satisfy the second step of the two-step pain assessment. *See Craig*, 76 F.3d at 595; 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1). This evaluation must consider

> not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical history, medical signs, and laboratory findings, any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

*Craig*, 76 F.3d at 595 (internal quotation marks and citations omitted). When completing this inquiry, the ALJ must "assess the credibility of the claimant's statements about symptoms and their functional effects." *Brown v. Comm'r of Soc. Sec.*, 873 F.3d 251, 255 (4th Cir. 2017).[5] "According to the regulations, the ALJ 'will not reject your statements about the intensity and

---

[5] Indeed, the Fourth Circuit previously rejected a rule that would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990). The Fourth Circuit has further explained that an ALJ's determination that objective medical evidence must support a claimant's subjective evidence of pain intensity improperly increases the claimant's burden of proof. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.'" *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)).

To be sure, a subjective allegation of pain by itself does not provide "conclusive evidence of disability." *Mickles v. Shalala*, 29 F.3d 918, 919 (4th Cir. 1994). But "[w]here the claimant proves the existence of a medical condition that could cause pain, the claimant's subjective complaints must be considered by the [ALJ], and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." *Id.* Nonetheless, a claimant's allegations of pain "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges [he or she] suffers." *Craig*, 76 F.3d at 595.[6] Even when objective medical evidence is lacking, the ALJ's discretion is limited because an ALJ may not simply discredit completely the claimant's complaints that are unsupported by objective evidence but must instead provide citations to contrary evidence and identify what testimony is not credible. *See Craig*, 76 F.3d at 593–95; *see*

---

[6] The Social Security Administration now cautions that the second prong of this analysis should not be approached with an undue focus on the claimant's "credibility." *See* SSR 16-3p, 2016 WL 1119029, at *1. The Administration explains that the scope of this inquiry should be limited to those matters concerning the claimant's symptoms, rather than other factors that might otherwise be probative of the claimant's overall honesty. *Id.* at *10. The policy further provides that, "[whe]n evaluating an individual's symptoms, [ALJs] will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." *Id.* Statements that are internally inconsistent or that are inconsistent with the other evidence of record, however, may lead the ALJ to "determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." *Id.* at *7.

8

*also* 20 C.F.R. § 404.1529(c)(2) (ALJ cannot reject the claimant's subjective description of his or her pain "solely because the available objective medical evidence does not substantiate" that description).

District courts within the Fourth Circuit have found that the failure to comply with the two-step pain inquiry, including the failure to perform the required analysis at step one, necessitates remand. *See, e.g.*, *Cynthia N. on behalf of Z.N.S. v. Saul*, No. 4:18-CV-00038, 2019 WL 4658391, at *5 n.8 (W.D. Va. Aug. 29, 2019) (finding remand appropriate where ALJ did not apply the correct two-part legal standard when evaluating symptoms), *report and recommendation adopted*, No. 4:18-CV-00038, 2019 WL 4644550 (W.D. Va. Sept. 24, 2019); *Walker v. Astrue*, No. 5:12-CV-00566, 2013 WL 987877, at *6 (S.D.W. Va. Feb. 22, 2013) (finding remand appropriate where "the ALJ failed to make an explicit finding at step one of the two-step pain and credibility analysis"); *report and recommendation adopted*, No. 5:12-CV-00566, 2013 WL 959800 (S.D.W. Va. Mar. 12, 2013); *Clowney v. Astrue*, No. C/A 807-856-CMC-BHH, 2008 WL 2557445, at *5 (D.S.C. June 20, 2008) ("Most critically, the ALJ did not consider the threshold inquiry whether or not the plaintiff's impairments could reasonably be expected to create the symptoms alleged" and "[t]his error alone justifies remand."); *Robinson v. Astrue*, No. 5:07-CV-00479-FL, 2008 WL 4790387, at *11 (E.D.N.C. Oct. 23, 2008) (finding remand required as the ALJ did not expressly consider step one and instead limited his analysis to step two, and concluding the failure to perform the step one analysis is not harmless); *Bradley v. Barnhart*, 463 F. Supp. 2d 577, 582 (S.D.W. Va. 2006) ("The court concludes the magistrate judge has appropriately recommended remand based upon the ALJ's admitted failure to comply with *Craig*."); *Gavigan v. Barnhart*, 261 F. Supp. 2d 334, 340 (D. Md. 2003) (finding remand

appropriate because the ALJ did not perform the required analysis at step one of two-step pain assessment).

The Fourth Circuit has likewise remanded cases when an ALJ did not comply with the two-step pain inquiry. *See, e.g.*, *Lewis*, 858 F.3d at 870 (remanding after finding that the ALJ's decision applied an improper legal standard to discredit claimant's evidence of pain intensity); *Craig*, 76 F.3d at 596 (remanding "to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains"); *see also Hines*, 453 F.3d at 563–64, 567 (affirming district court's reversal of the ALJ's ruling where the ALJ applied an incorrect legal standard when evaluating claimant's allegations of disabling pain).

### III.  ANALYSIS

Because the ALJ made an error of law to which Prophet timely and specifically objected, the Court will sustain his Objection to the R&R. On *de novo* review, the Court finds that the ALJ did not make a legally sufficient finding at the step one of the two-step pain inquiry, which the Fourth Circuit has expressly instructed courts to follow. Because the ALJ evaluated Prophet's claim through an improper standard and misapplication of the law, *Coffman*, 829 F.2d at 517, this Court finds remand necessary.

#### A.  **Prophet Objects to the ALJ's Failure to Satisfy Step One of the Pain Assessment**

In the Objection, Prophet contends that the ALJ failed to satisfy the first step of the two-step pain assessment and "this error turns the case." (Pl.'s Obj. 1–2.) Prophet contends that the ALJ's oversight at step one negatively affected the ALJ's finding at step two. (*Id.* 6.) Prophet also challenges the ALJ's decision to afford "little weight" to a physician's opinion because the ALJ did not cite "persuasive contrary evidence" before rejecting it. (*Id.* 8, 10.)

10

In response, the Commissioner does not dispute that the ALJ failed to make an explicit step-one finding but contends that this Court should overrule Prophet's Objection because "the ALJ clearly found in [Prophet's] favor at [] step one when he moved on to [] step two and considered all of [Prophet's] impairments and associated evidence in his analysis of [Prophet's] subjective complaints." (Resp. 1–2, ECF No. 22.) The Commissioner also asserts that Prophet "continues to rely on unpublished, extra-district cases in support of his contention," and that "when the Fourth Circuit addressed this same argument, it held [in an unpublished *per curiam* table opinion] that an ALJ need not make an explicit step one finding so long as the ALJ" considers the claimant's impairments and the pain allegedly associated with the impairments. (*Id.* 2.) In reply, Prophet argues that "if the ALJ committed legal error in his mode of analysis" at the first step of the pain inquiry, then *Craig* and other Fourth Circuit case law requires remand for that fault. (Reply 3, ECF No. 23.)

Accordingly, this Court will limit its analysis to these issues. *See United States v. George*, 971 F.2d 1113, 1117 (4th Cir. 1992) ("[T]he court . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (citation and quotation marks omitted)).

### B. The ALJ Failed to Make an Explicit Step One Finding

On *de novo* review, the Court concludes that the ALJ's failure to make an explicit finding at step one of the two-step pain assessment necessitates remand. Here, the ALJ did not determine whether Prophet met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, as *Craig* requires. 76 F.3d at 595 ("It is only *after* a claimant has met [his or] her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the

11

intensity and persistence of the claimant's pain, and the extent to which it affects [his or] her ability to work, must be evaluated.") (emphasis in original). If Prophet makes such a threshold showing, the second step of the two-step pain inquiry dictates that Prophet may rely on subjective evidence regarding the severity of his pain. Such subjective evidence would include, among other things, his own testimony about his pain, the effects it has on his daily activities, and his wife's testimony (which the ALJ afforded little weight). (R. 29 n.4.) The record shows, however, that the ALJ did not resolve the first step of the pain assessment before moving on to step two. (R. 30.) Rather, the ALJ discounted Prophet's subjective evidence before determining whether Prophet had satisfied step one, which requires objective medical evidence to show that he suffers the pain he claimed.

This critical distinction between evaluating *objective* medical evidence in the first step and *subjective* evidence at the second step laid the foundation for the Fourth Circuit's two-step pain assessment set forth in *Craig*. 76 F.3d at 594–95 (observing that regulations do not require "objective evidence of the pain the claimant feels" but do require objective evidence of a condition "which could reasonably be expected to produce the pain or other symptoms alleged"); *see also Hines*, 453 F.3d at 564 (explaining in the social security context that "[d]isagreements over the role of subjective evidence in proving pain are not a recent development"). But here the record does not indicate that the ALJ complied with the two-step pain inquiry and considered whether Prophet showed a determinable underlying impairment that could cause the pain he allegedly suffers. Furthermore, the Court cannot adopt the Commissioner's argument that the ALJ implicitly found in Prophet's favor at this step, (Resp. 2), because the language in the ALJ's opinion indicates otherwise. To skip the first step and ignore whether objective evidence of a condition exists that could produce the pain or other symptoms alleged prevents this Court from

conducting a fair and just *de novo* review and undermines the legal standard to which ALJs must adhere when addressing complaints of pain.

### C. **The Fourth Circuit's Decision in *Nelson* Does Not Preclude this Result**

The Commissioner does not dispute that the ALJ failed to make an explicit step-one finding. Despite this legal deficiency at step one, the Commissioner argues that the ALJ found in Prophet's favor when he "considered all of [Prophet's] impairments and associated evidence in his analysis of [Prophet's] subjective complaints." (Resp. 1–2.) But the ALJ's opinion does not make it clear, as the Commissioner suggests, that the ALJ found a medically determinable impairment that could reasonably be expected to cause not just pain, or some pain, or pain of some severity, but the pain that Prophet claims he suffers. *Craig,* 76 F.3d at 594. The ALJ's lack of an explicit step-one finding also complicates this Court's ability to consider on appeal how the ALJ weighed the state agency physicians' opinions regarding whether Prophet's impairments could reasonably produce his pain or other symptoms. (*See* R&R 21 (R&R finding that "the ALJ implicitly reached the same conclusions as the state agency physicians").)

The Commissioner argues, however, that Prophet cannot distinguish his case from *Nelson v. Apfel*, sinking his Objection. (Resp. 2.) The Court recognizes that in *Nelson,* an unpublished *per curiam* table opinion, the Fourth Circuit declined to remand a social security appeal when the ALJ failed to make an explicit step-one finding because the ALJ still considered the claimant's impairments and the pain allegedly associated with those impairments. *Nelson*, 166 F.3d 333, 1998 WL 879588 (4th Cir. 1998). Specifically, the Fourth Circuit found that it could overlook the ALJ's error because the ALJ gave "full credibility to any pain associated with Nelson's injured hand. He also reviewed the record concerning the pain caused by the impairment to his right eye and found that it was manageable with medication." *Id.* The Fourth Circuit concluded

13

that "[t]he ALJ correctly found that there was no objective medical evidence of migraine headaches. Thus, the ALJ did in fact address the threshold question in this instance." *Id.*

The Court finds the Commissioner's reliance on *Nelson* unpersuasive for two reasons. First, the Fourth Circuit and the Eastern District of Virginia have never relied on, nor even cited *Nelson*, although the Fourth Circuit issued that unpublished opinion more than two decades ago.[7] In contrast, the Fourth Circuit has cited *Craig*, a published opinion that established the two-step pain assessment, nearly 150 times since 1996 (and the Eastern District of Virginia has cited *Craig* 615 times). Indeed, the Fourth Circuit recently reaffirmed that, at the first step of the pain inquiry, "the pain claimed is not directly at issue; the focus is instead on establishing a determinable underlying impairment—a statutory requirement for entitlement to benefits—which could reasonably be expected to be the cause of the disabling pain asserted by the claimant." *Dunn v. Colvin*, 607 F. App'x 264, 272–73 (4th Cir. 2015) (argued but unpublished) (quoting *Craig*, 76 F.3d at 594.) And only "after the first inquiry is complete," does the ALJ move on to step two. *Id.* at 273.

Second, among the seven district court cases that have cited *Nelson* in the two decades since that opinion issued, many have refused to follow it. *See, e.g.*, *Walker v. Astrue*, No. CIV.A. 5:12-00566, 2013 WL 987877, at *6 (S.D.W. Va. Feb. 22, 2013) (rebuffing the

---

[7] The R&R did not address the lack of Eastern District of Virginia authority, either published or unpublished, on this point. Indeed, it appears that the undersigned would be the first in this district to cite *Nelson*. The Court declines to abandon *Craig*'s directives in favor of *Nelson*, an unpublished table opinion, which the Fourth Circuit has not subsequently relied on or cited since its issuance in 1998. Moreover, as noted above, other district courts have found that the failure to follow the two-step pain inquiry cannot constitute harmless error. *See Robinson*, 2008 WL 4790387, at *11 (concluding that the failure to perform step one in the two-step pain inquiry is not harmless); *Bradley*, 463 F. Supp. 2d at 581–82 (rejecting Commissioner's argument that "the ALJ's admitted failure to address the first component of *Craig* should be deemed harmless error").

Commissioner's reliance on *Nelson* and finding that "the ALJ failed to make an explicit finding at step one of the two-step pain and credibility analysis, and recommends that the matter be remanded for further consideration of Claimant's alleged pain and symptoms."), *report and recommendation adopted*, No. 5:12-CV-00566, 2013 WL 959800 (S.D.W. Va. Mar. 12, 2013); *Lester v. Astrue*, No. 5:10-CV-00380, 2011 WL 4344014, at *8 (S.D.W. Va. Sept. 13, 2011) ("No district court in the Fourth Circuit has adopted [*Nelson*'s] relaxed interpretation of the *Craig* requirements."); *Pittman v. Astrue*, No. 5:08-CV-83-FL, 2008 WL 4594574, at *6 (E.D.N.C. Oct. 10, 2008) (rejecting the Commissioner's argument that *Nelson* controls and finding remand necessary because of "the ALJ's failure to perform the step-one analysis"); *see also Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (explaining that the "duty of explanation is always an important aspect of the administrative charge, and it is especially crucial in evaluating pain") (citations omitted).

And although the R&R identified in a footnote four cases outside the Eastern District of Virginia that have seemingly followed *Nelson* for the proposition that an ALJ need not make an express step-one finding, (R&R 20 n.6),[8] this Court finds *Craig* binding and declines to overlook its directives. Thus, because the ALJ did not make an express finding regarding whether Prophet's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," the ALJ could not move on to the second step absent that threshold showing.

---

[8] In his Objection, Prophet distinguishes each of the four cases cited in the R&R that seemingly followed *Nelson*. (Pl's Obj. 4–5.) In response, the Commissioner does not challenge these distinctions but instead argues that "Plaintiff does not—and cannot—distinguish *Nelson* from the instant case, other than to note that *Nelson* did not overrule *Craig*." (Resp. 2.) Furthermore, the Commissioner argues only that Prophet relies on "unpublished, extra-district cases in support of his contention," but the Commissioner does not contest that the weight of these "extra-district cases" from other courts in this circuit equally weigh against his position. (Resp. 2.)

15

(*See* R&R 21 (noting absence of an explicit step-one finding).) For these reasons, the Court rejects the R&R's reliance on *Nelson* and finds that this legal error necessitates remand.

### D. Although the ALJ May Reach the Same Conclusion on Remand, the Court Must Remand the Case

To be sure, a positive finding at step one does not necessarily establish a probability that Prophet's pain is disabling at step two. *Compare Craig,* 76 F.3d at 594 ("The regulation thus requires at the threshold a showing by objective medical evidence of the existence of a medical impairment "*which could reasonably be expected to produce*" the actual pain, in the amount and degree, alleged by the claimant." (*emphasis added*), *with id.* at 595 ("It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment *reasonably likely* to cause the pain claimed. . . ." (*emphasis added*).) But the weight of authority establishes that the ALJ's failure to properly conduct the two-step pain assessment requires remand to determine whether the objective medical evidence could reasonably cause the symptoms alleged. *See, e.g.*, *Bradley*, 463 F. Supp. 2d at 582 (concluding that the magistrate judge appropriately recommended remand based upon the ALJ's failure to comply with *Craig* two-step assessment); *Gavigan*, 261 F. Supp. 2d at 339–40 (finding remand appropriate where the ALJ omitted step one entirely and limited his credibility analysis to assessing the severity of plaintiff's pain at step two). The Court cannot overlook this error, particularly where a claimant has properly objected to it.

While the ultimate outcome on remand could be the same, to give Prophet a proper review on appeal, justice and fairness demand that this Court have a more comprehensive record and direct explanation of the ALJ's decision. Because the ALJ failed to explicitly conduct the two-step pain assessment, the Court will sustain Prophet's Objection. Accordingly, the Court finds that this matter should be remanded for further administrative proceedings.

## IV. CONCLUSION

For the reasons stated, the Court REJECTS the report and recommendation and REMANDS this case to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g) for further consideration consistent with this Opinion. On remand the ALJ must apply the correct legal standard and make explicit findings at both steps of the two-step pain inquiry.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: Jan. 8, 2020
Richmond, Virginia